WeygaNdt, C. J.
The sole basis for the reversal by the Court of Appeals was that “in fixing the amount of the alimony, the trial court considered only the property owned by defendant and his earning capacity at the time the suit was instituted, failed to give due regard to the value of the real and personal estate of defendant at the time of the decree.”
The present provisions of amended Section 3105.18, Revised Code, read as follows:
“The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.
“Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.”
In the syllabus in the recent case of Dennison v. Dennison, 165 Ohio St., 146, 134 N. E. (2d), 574, this court held:
“Under Section 8003-19, General Code (Section 3105.18, Revised Code), the allowance of permanent alimony is left to the sound discretion of the trial court, subject to review by the Court of Appeals upon the questions of the weight of the evidence and abuse of discretion.”
In the instant case the trial court admitted evidence concerning certain property owned by the defendant husband but excluded proffered evidence as to substantial realty and per *408 sonalty willed to the defendant alone by his mother. The first day of the trial was December 9, 1954. At that time the will had not been offered for probate although the mother had been dead approximately three months. The second day of the trial was delayed to April 19, 1955. In the meantime the will was admitted to probate on December 27, 1954, an executor was appointed the same day, and on April 9,1955, an inventory and appraisement were filed. Furthermore, at the time the divorce decree was entered on July 2, 1955, the six months limitation for filing a will contest had expired.
The defendant contends that the proffered evidence was not competent because the administration of the mother’s estate had not been completed and that hence the net amount of the estate had not been finally determined. This theory might well lead to a fantastic result. Here the defendant did have some property of his own. However, if he were possessed of no such property of his own, he could then claim himself propertyless, although he is in fact the sole legatee and devisee of his mother’s substantial estate, thus defeating the clear intent of the statute. Manifestly the Court of Appeals was correct in holding the proffered evidence admissible to show the truth of the situation.
In its journal entry the Court of Appeals added a clause holding that the trial court abused its discretion. Inasmuch as the exclusion of the proffered evidence was simple prejudicial error, this addition was unnecessary to a determination of the question, and hence this court makes no comment with reference thereto. As a result of that holding, the defendant contends that the Court of Appeals simply substituted its judgment for that of the trial court and concluded that the amount of alimony awarded to the plaintiff was inadequate. But, according to the terms of its journal entry, the Court of Appeals merely held the proffered evidence admissible and remanded the cause to the trial court for a re-examination of the alimony issue in conformity with the statutory requirement that due regard be given to “the value of the real and personal estate of defendant at the time of the decree.” This was not erroneous.
*409 The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Stewart, Bell, Taft, Matthias and Herbert, JJ., concur.